THOMAS H. MEEK v. M. R. COONEY ET AL.

FAILURE TO PAY RENT RENDERS OIL AND GAS LEASE VOID, WHEN.

> Under an oil and gas lease providing that "in case no well is completed within ninety days from this date, then this grant shall become null and void unless second party shall pay first party five dollars for each month thereafter said completion is delayed," the lessee having done no drilling within the time specified his failure to pay the monthly rental when it becomes due will render the lease void, unless it is shown by clear and convincing evidence that the lessor waived its payment; and after such default, lessee will be enjoined from drilling wells or extracting oil or gas from the premises.

APPEAL.

Thos. F. Conley, for plaintiff.

Andrews & Andrews and Baldwin & Harrington, for defendants.

**HULL, J.**

This case comes to this court upon appeal from the judgment of the court of common pleas. The action was brought by the plaintiff, Meek, to enjoin the defendant from drilling an oil well upon his premises or extracting the oil or gas therefrom. A temporary injunction was allowed by the court below, and upon a hearing to dissolve the injunction a number of affidavits were used, and upon that hearing, by consent of the parties, the lower court entered final judgment, and in this court, by consent of parties, the hearing was had upon the affidavits used in the court below.

The question is whether the plaintiff was entitled to the injunction that he asked for. He appears to be the owner of about forty-five acres of land in this county, and on September 14, 1901, he made a gas and oil lease to the defendant, Cooney, thereby granting to Cooney all the oil and gas in and under said premises. The lease contained this provision:

"In case no well is completed within ninety days from this date then this grant shall become null and void unless second party shall pay first party five dollars for each month thereafter said completion is delayed."

No well was drilled within ninety days after the making of the lease, or ever drilled by the defendant or his grantee, the ninety days expiring December 14, 1901, and on March 11, 1902, the fifteen dollars

rent then due was paid to the plaintiff, Meek, which paid the rental to March 14. No rent was paid to plaintiff after that time. But it is claimed it was paid to another for him. On the date of the commencement of this suit, January 10, 1903, the defendant was about to drill a well upon the premises in question, and this the plaintiff sought to enjoin, making one Frank Wolf, who was to do the work for Cooney, a party also. Other persons had become interested in this property, but they are not made parties to this action— the action being between the original parties and Wolf. It is claimed by the defendant, Cooney, that soon after January 14, 1902, it was agreed between him and Meek that the rent need not be paid monthly as provided for in the lease. The defendant claims that the plaintiff said he preferred to let it accumulate until it amounted to some considerable sum, so that he could use it to better advantage.

Plaintiff denies having ever agreed that the payments need not be made monthly as provided for in the lease. In fact, he claims to have had need of the money as often as he could get it, at least once a month, and could have used it oftener. He appears to have been as poor as a man could be and own land in this county, and he denies that he ever agreed to defer the date of these payments.

The payment of March 11, 1902, was the last one made directly to plaintiff. When the fourteenth day of April came, no rent was paid, five dollars being due at that time, unless the contract had been modified as claimed. Seven days after that, the twenty-first of April, Meek made another lease of these premises to Bankey & Moore, and on the eighteenth of June the defendant, Cooney, having heard of this lease to Bankey & Moore, visited Meek at his home in company with one Schroder, a justice of the peace, of that township, and offered Meek twenty dollars, which would have paid the back rental of three months to June fourteenth, and a month in advance. This money Meek refused to accept, and stated that he had leased the premises to other parties. It is claimed by Cooney that though Meek refused to accept the money, he agreed that it might be paid over for him to Schroder, whom Cooney seems to have taken with him as his counsel; and it is claimed by Cooney that he paid each month's rent thereafter to Schroder for Meek, until this action was commenced. But Meek has never taken any of the money, or demanded any of it from Schroder, and if it was paid to Schroder, it still remains in his hands. Affidavits were read on behalf of both parties, and we have reached the conclusion that the defendant has not established his claim.

The provision in the contract is clear that this rent was to be paid

monthly; unless it was paid monthly, in case no well was drilled in ninety days, the lease was to become null and void. To vary the written contract the testimony should be clear and convincing. There is a conflict in the evidence. The witnesses for the defendant outnumber those offered by the plaintiff, but it seems to us that the weight of the evidence, considering all the circumstances, is in favor of the plaintiff against this claim of variation or modification of the contract.

No sufficient reason is given why Meek should have requested that this rent be not paid every month as provided for in the contract. He denies that any arrangement of that kind was ever made, and claims that it was only after much importuning on his part, that the fifteen dollars was in fact paid. The evidence shows he was badly in need of money; was old, poor and infirm, and we think that the claim of the defendant is unreasonable and not sustained.

Meek denies that he agreed that the money might be deposited with Squire Schroder for him. It is conceded that he has not accepted any money since March 14, 1902, nor is it claimed that he had ever asked Schroder for any money. According to the terms of the lease, if no well was drilled in ninety days it became null and void unless the rent was paid each month thereafter, and Meek had the right to so consider it and treat it, which he did by making a lease to the other parties.

The effect of a clause such as this in an oil lease is considered in the case of Van Etten v. Kelly, 66 Ohio St. 605 [64 N. E. Rep. 560]. The court say in the opinion on page 610:

"The plaintiff below claims that the words, 'unless second party shall pay to said first party thirty dollars each and every month in advance while such completion is delayed,' there lies a promise to pay thirty dollars per month for such delay. This is not tenable. The full force and effect of this 'unless' clause, taken by itself, is, to give the lessee the option by making such payment to continue the lease in force to the end of the term without completing the first well, or upon failure to make such payment, allow the lease to become null and void at the end of thirty days after the date of the lease."

So that unless Meek had waived the conditions of the lease that the rent should be paid monthly, on the failure of Cooney to pay the rent when it was due in April, the lease, in our opinion, became void. It is said that there was no consideration in any event for an agreement on the part of Meek to alter this contract, so as to waive the payments monthly; no new consideration moving to him. But if such an agreement was made between Meek and Cooney it would amount to a waiver on the part of Meek and he could not take advantage of this clause of

forfeiture on the ground that rent had not been paid monthly; but we think that the defendant has not established his claim that this contract was varied, and if that is true then the lease became void on the fourteenth of April when the default in the payment of rent occurred, and nothing occurred after that to revive the lease.

No well was attempted to be drilled until January, 1903, when this action was commenced, to enjoin. At this time the ninety days within which a well was to be drilled had long since expired, and the lessee was in default for the rent, and had been since March of the year before, and had therefore lost his right to drill for oil on the premises.

By the "unless clause," he had the privilege of keeping the lease alive by paying the rent; this he failed to do and thereby lost his rights under the lease.

An injunction will be granted as prayed for and the same decree entered as in the court below.

**Parker** and **Haynes, JJ.**, concur.